UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BROTHERS GAS AND FOOD,

        Plaintiff/Counter-Defendant,        Civil Action No. 13-13061
                                                              Honorable Stephen J. Murphy III
v.                                                           Magistrate Judge David R. Grand

CATLIN SPECIALTY
INSURANCE COMPANY,

        Defendant/Counter-Plaintiff.
_____/

**REPORT AND RECOMMENDATION TO DENY MOTION FOR DEFAULT JUDGMENT [8], DENY MOTION TO STRIKE ANSWER TO COUNTER-CLAIM [12], AND GRANT MOTION FOR ORDER ALLOWING FILING OF ANSWER [17]**

**I.    REPORT**

Before the Court are the following motions: (1) Counter-Plaintiff Catlin Specialty Insurance Company's ("Catlin") Motion for Default Judgment (Doc. #8); (2) Catlin's Motion to Strike Answer to Counter-Claim (Doc. #12); and (3) Counter-Defendant Brothers Gas and Food's ("Brothers") Motion for Order Allowing Filing of Answer (Doc. #17). Orders of Reference were entered referring these three motions to the undersigned for a hearing and determination pursuant to 28 U.S.C. §636(b)(1)(B). (Doc. #9, 13, 21). A hearing was held on these motions on December 18, 2013.

    **A.    Background**

Brothers filed suit against Catlin in the Wayne County Circuit Court on June 12, 2013, alleging claims for breach of contract and "breach of statutory duties." (Doc. #1 at Ex. A). Specifically, Brothers alleged in its complaint that Catlin failed to properly pay an insurance claim arising out of a fire and theft that occurred at Brothers' premises in Detroit, Michigan on November 13, 2010. (*Id.*). On July 17, 2013, Catlin filed a timely notice of removal to federal

court. (Doc. #1).

On July 25, 2013, Catlin filed an answer to Brothers' complaint and a counterclaim for declaratory judgment. (Doc. #4). In its counterclaim, Catlin asserted that it had already paid Brothers more than $350,000 pursuant to the applicable insurance policy's "Building and Personal Property Coverage Form" and that Brothers had failed to provide the required proof of loss for (and otherwise cooperate with the investigation of) the claim it is now asserting under the policy's "Business Income (and Extra Expense) Coverage Form." (*Id.* at 4-15). Consequently, Catlin asked the Court to issue a declaratory judgment finding that it is not obligated to provide coverage to Brothers under the insurance policy's "Business Income (and Extra Expense) Coverage Form." (*Id.*).

Brothers did not timely file an answer to Catlin's counterclaim. Thus, on October 7, 2013, Catlin obtained a default against Brothers from the Clerk of Court. (Doc. #6). At that point, despite being served electronically with notice of the default, Brothers did not move to set aside the default or otherwise respond to the counterclaim. Consequently, on November 5, 2013, Catlin filed the instant motion for default judgment. (Doc. #8). In its motion, Catlin asks the Court to enter a default judgment against Brothers and declare that Catlin is not obligated to provide coverage to Brothers under the insurance policy's "Business Income (and Extra Expense) Coverage Form." (*Id.*). Catlin states that its attorney sent an e-mail to and left a voicemail for Brothers' counsel in an attempt to seek concurrence in the motion, but there was no response. (*Id.* at 8-9).

Brothers did not file a timely response to Catlin's motion for default judgment. Instead, on November 20, 2013, it filed an answer to Catlin's counterclaim – more than three months late – without any explanation for its delay and without any request for leave of court to do so. (Doc.

#11). On November 25, 2013, Catlin filed a motion to strike this answer, arguing that Brothers had not attempted to make a showing of "excusable neglect," which would establish good cause to extend the time for the filing of Brothers' answer pursuant to Fed. R. Civ. P. 6(b). (Doc. #12). Brothers did not file a response to this motion to strike but, instead, filed a motion to allow the filing of its answer. (Doc. #17). In that pleading, Brothers asserts that its failure to file a timely answer was the result of excusable neglect; Brothers' counsel had apparently prepared a draft answer which, inexplicably, was never filed. (*Id.* at 3). In response, Catlin argues that Brothers cannot cure a default simply by filing an untimely answer and that Brothers has not moved to vacate the Clerk's default pursuant to Fed. R. Civ. P. 55(c). (Doc. #19 at 2-3). According to Catlin, Brothers has not demonstrated the "good cause" necessary to set aside a default pursuant to this Rule. (*Id.*).

      **B.**    **Analysis**

As an initial matter, to the extent Catlin argues that Brothers has not actually moved to set aside the clerk's default, courts have held that filing an answer (or other opposition to a motion for default judgment) may be treated as a motion to set aside entry of default. *See United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844 (6th Cir. 1983). Thus, the issue to be decided is whether the default obtained by Catlin should be set aside pursuant to Fed. R. Civ. P. 55(c).

Rule 55(c) provides that the Court may set aside an entry of default for "good cause." Courts have recognized that this is "a relatively relaxed 'good cause' standard …." *Flathead-Michigan I, LLC v. Peninsula Devel., LLC*, 2011 WL 891191, at *1 (E.D. Mich. Feb. 18, 2011). All ambiguous or disputed facts should be construed in the light most favorable to the defaulted party in determining whether good cause exists to set aside the entry of default. *See GE*

*Commercial Fin. Bus. v. Binyan Michigan, LLC*, 2007 WL 1.17002, at *2 (E.D. Mich. Mar. 29, 2007).

In *United Coin Meter Co.*, the Sixth Circuit set forth a three-factor test for determining whether good cause exists to set aside a default pursuant to Rule 55(c): (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether willful or culpable conduct of the defendant led to the default. *Id.* at 845. A district court enjoys considerable latitude in granting relief from a default. *See Mitchell v. Roosen Varchetti & Oliver, PLLC*, 2013 WL 6181721, at *1 (E. D. Mich. Nov. 26, 2013). Moreover, "Federal courts, in their determinations to set aside defaults, strongly favor decisions on the merits." *Id.* (citing *Berthelsen v. Kane*, 907 F.2d 617, 620 (6th Cir. 1990).

In this case, all three of the factors favor setting aside the default. First, there is no indication that Catlin will suffer any prejudice if the default is set aside. Although Catlin argues that the delay occasioned by Brothers' failure to timely answer the complaint will make it more difficult to investigate the underlying insurance claim, the Court notes that the incident at issue (a fire at Brothers' premises) occurred in 2010. Thus, the delay that occurred between August 2013 (when Brothers' answer was due) and November 2013 (when it was eventually filed) is relatively insignificant when compared to the delay between the fire (in 2010) and initiation of the lawsuit (in 2013). Although Catlin also argues that it will be prejudiced if the default is set aside because it incurred legal fees in filing a request for Clerk's default and a motion for default judgment (Doc. #19 at 4-5), that prejudice can be remedied with a monetary award, as discussed more fully below.

With respect to the second factor, Brothers has at least made a facial showing that its defenses to Catlin's counterclaim are meritorious. A defendant must state "a defense good at

4

law" to establish a meritorious defense. *INYST Fin. Group v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 399 (6th Cir. 1987). The asserted meritorious defense is sufficient so long as it contains "even a hint of a suggestion which, [if] proven at trial, would constitute a complete defense." *Id.* (internal quotations omitted). In this case, where Brothers denies Catlin's allegations that it failed to provide the required proof of loss and otherwise failed to cooperate with Catlin in the course of its investigation (Doc. #16 at 5), there is a dispute as to whether Catlin is entitled to the declaratory relief it seeks.

As to the third factor, there is no indication that Brothers' conduct in failing to timely file an answer to Catlin's counterclaim was willful or culpable. To be considered culpable or willful conduct, "the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Shepard Claims Service, Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986). In *Shepard Claims Service*, the court characterized defense counsel's conduct as "careless and inexcusable" but still found good cause to set aside the default. *Id.* Here, the Court could say much the same: counsel for Brothers was certainly remiss in failing to file a timely answer (and in immediately moving to set aside the clerk's entry of default), but he has explained that his failures in these regards were the result of oversight, and there is no indication to the contrary.

Moreover, the default here is being sought as to Catlin's counterclaim against plaintiff Brothers. Unlike the case where a defendant fails entirely to appear to defend an action, here there is no indication that Brothers had abandoned its claims or was not participating in the litigation. Effectively, then, granting the instant motion for default judgment as to the counterclaim would resolve the entire case against Brothers even though Brothers' own claims otherwise remain live.

5

Based on all of the above analysis, the Court finds that a default judgment against Brothers is not warranted, and the Clerk entry of default should be set aside. However, the Court is persuaded that Catlin incurred unnecessary costs and fees as a result of Brothers' failure to adhere to the Federal Rules' requirements. As a result, it is wholly appropriate that Catlin be properly compensated for the *reasonable costs and fees* it incurred in obtaining the Clerk's entry of default and in preparing its motion for default judgment.

## II.     RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** that Catlin's Motion for Default Judgment **(Doc. #8)** and Motion to Strike Answer to Counterclaim **(Doc. #12)** be **DENIED.** The Court further **RECOMMENDS** that Brothers' Motion for Order Allowing Filing of Answer **(Doc. #17)** be **GRANTED**. Further, **IT IS ORDERED** that Catlin is entitled to recover the reasonable costs and fees it incurred in connection with obtaining the Clerk's entry of default and in preparing its motion for default judgment. By **January 3, 2014**, the parties shall confer in a good faith attempt to agree (amongst themselves, and without the Court's further involvement) upon a monetary award that adequately compensates Catlin in this regard. If they are unable to do so, Catlin may, by **January 10, 2014**, file documentation supporting its requested award, and Brothers may, by **January 17, 2014**, submit a written response.

Dated: December 18, 2013               s/David R. Grand
Ann Arbor, Michigan                    DAVID R. GRAND
                                       United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and

recommendations and the order set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 18, 2013.

s/Felicia M. Moses  
FELICIA M. MOSES  
Case Manager